## Seab B. Peters et vir v. Jeff J. Brookshire.

No. A-163. Decided June 14, 1944.
Rehearing overruled October 4, 1944.
(182 S. W., 2d Series, 361.)

*Allen & Gambill,* of Fort Worth, *Black, Graves & Stayton,* of Austin, for petitioners.

It was error for the Court of Civil Appeals to hold that the trial court properly refused to submit to the jury issues inquiring as to whether the original partners agreed that checks drawn by one of the partners on his personal account for the use and benefit of an invalid relative were to be charged to the partnership account, and as to how much of the amount had not been repaid. It was error to hold that the record contained no evidence that the original partners treated payments made to the invalid relative as a matter of partnership business. Choate v. San Antonio & A. P. Ry. Co., 91 Texas 406, 44 S. W. 69; Lancaster v. Carter, 255 S. W. 392.

*Rufues S. Garrett*, of Fort Worth, for respondent.

MR. JUDGE BREWSTER, of the Commission of Appeals, delivered the opinion for the Court.

This is a suit by petitioners, Seab B. Peters and her husband, against respondent, Jeff J. Brookshire, for an accounting and for partition of partnership property. A trial court judgment, unsatisfactory to petitioners, was affirmed by the court of civil appeals. 178 S. W. (2d) 874.

In 1922 respondent and his brother, S. N. Brookshire, formed a partnership "to purchase land, to erect houses thereon, to rent and sell said land and houses, and otherwise engage in business for profit and gain in connection with said enterprise." In 1934 S. N. Brookshire conveyed his interest in the partnership to his wife. Upon death of the latter, in 1937, this interest passed by will to Mrs. Peters. The partnership went along from 1922 until this suit was filed, without any accounting between the partners.

Mrs. Peters alleged that from 1922 to 1930, her father, S. N. Brookshire, "advanced to said partnership and for said partnership business, sums of money from time to time out of his individual funds, all of which was with the knowledge, consent, and acquiesence" of Jeff J. Brookshire. She claimed that the latter owed her, as successor to S. N. Brookshire, $31,000.00, part of which was these disbursements. She itemized many expenditures made by S. N. Brookshire individually "on account of said partnership advancements." Her prayer was "that an account be taken of all and every of the transactions and dealings" between respondent and his three successive partners.

■ Among these items were some 147 checks, totaling approximately $4,000.00, which Mrs. Peters claimed were advance-

ments to the partnership, because they' were drawn by her father for the use and benefit of Bertha Brookshire, an invalid niece of S. N. and Jeff J. Brookshire, under an agreement between them that all money sent to Bertha Brookshire should be charged to the partnership account. The trial court did not submit to the jury any issue on these checks and refused an issue requested by petitioners as to whether they "were to be charged to the partnership account and considered as partnership matters." The court of civil appeals held there was no evidence on that issue.

Mrs. Peters testified that she heard a conversation between respondent and S. N. Brookshire, in which the former said, "Sam, we have got to look after Bertha, and you are going to have to issue these checks for I don't want my wife to know that I am giving this money. Now, I will pay half of it. We will go half and half all the way through"; that she heard another conversation between them with respect to a contribution made to help out a brother, in which she "heard them say that all of these relatives checks were partnership and they would pay half and half." Although respondent denied in his trial testimony that the agreement about donations to Bertha Brookshire had anything to do with the partnership, he testified in his deposition taken before the trial that the amounts given her were made for the partnership account. There was testimony that when an auditor submitted to respondent checks covering the disputed items for objection to such as he claimed did not represent partnership advances, he made no objection to the checks written by S. N. Brookshire for the benefit of Bertha Brookshire.

This was some evidence that the disbursements in question were partnership advancements, therefore the trial court erred in not submitting the issue to the jury.

■ But it is contended that payments to an invalid niece had nothing to do with a partnership in real estate. If the question were as to S. N. Brookshire's implied authority to bind the partnership, or if some firm creditor were complaining, the contention might be sound. But relevancy to the partnership business does not determine the power of partners to agree that designated expenditures shall constitute a partnership obligation in an accounting between themselves. We see no reason why the brothers could not agree that support of their niece would constitute such an obligation. 40 Am. Jur., p. 372, sec. 347. "Agreements affecting charges or credits, made by the partners

in the original articles of partnership or upon intermediate agreements, will, if made in good faith, be recognized and enforced in the partnership accounting, even though they call for a departure from the rules which would otherwise control." 47 C. J., p. 1257, sec. 986.

After reciting that there was pending in that court a suit in which one F. L. Hicks was suing the parties to this suit on a partnership note for approximately $17,800.00 and for foreclosure of a lien on some of their real estate and that there was no evidence of any other debts due by the partnership, the trial court's judgment ordered the receiver (1) to pay to J. J. Brookshire $6,887.92 "of partnership funds in his hands," (2) to sell the partnership real estate, subject to the court's approval, (3) to apply the proceeds to payment of court costs, to the satisfaction of "such indebtedness as may be adjudged to be due by the partnership" to Hicks in the aforesaid suit, and to paying Jeff J. Brookshire $4,000.00, and (4) to divide the balance between petitioners and respondent. Hicks had intervened in this suit, but had dismissed his intervention before judgment, "without prejudice." Petitioners complain that, without any proof, the trial court thus adjudged that the partnership owed Hicks money and that he had a lien on all the partnership property, when he was not even a party to the suit.

As we are reversing the trial court's judgment, it is unnecessary to decide this complaint. However, we call attention to the fact that Mrs. Peters is seeking to terminate the partnership, after a full accounting, and to divide the firm's assets between herself and respondent. Obviously, before that can be accomplished the partnership debts must be paid. Hicks claimed to be a creditor and had filed suit to enforce his claim. Certainly the court could not ignore that suit. If the claim had been established by a final judgment and has not been satisfied the trial court should require its receiver to pay it or otherwise satisfy Hicks before distributing the partnership assets. It would certainly not be equitable to turn the firm assets over to the partners under any other conditions. In saying this we are not passing on the correctness of the judgment in the respects complained of.

Other points relate to alleged trial errors, which probably will not arise at another trial, so it is unnecessary to discuss them.

Both judgments below are reversed and the cause is remanded to the district court for a new trial.

Opinion adopted by the Supreme Court June 14, 1944.

Rehearing overruled October 4, 1944.